## Yough District Taxpayer's League v. Yough School District

*William J. Ober*, for plaintiff.
*Scales & Shaw*, for defendants.

SCULCO, J., August 8, 1973.—This matter is before the court en banc on defendant's preliminary objections to plaintiff's complaint in equity.

A summary of the pertinent facts in this matter is as follows:

On December 7, 1972, plaintiff, Yough District Taxpayer's League, a nonprofit corporation, did file a complaint in equity against defendants alleging that certain actions of defendants on June 20, 1972, and August 8, 1972, approving and authorizing the expenditures of the sums of $17,747.04 and $2,438, respectively, of public funds was contra to and specifically prohibited by an existing court order and injunction.

Plaintiff further alleges that such actions were arbitrary, capricious and illegal and that pursuant to the Public School Code the above individuals (defendants) should be personally responsible by way of surcharge for their actions. Plaintiff requested this court, inter alia, to

(a) enjoin any further expenditures concerning Project 1499;

(b) require an audit of the two expenditures above made, and if such payments were found to be illegal that the court surcharge the individual defendants above named for their proportionate shares of the amount expended; and

(c) dismiss individual defendants for malfeasance in office.

On February 26, 1973, defendants filed preliminary objections to plaintiff's complaint, advancing the argument that the remedy for plaintiff's prayer is not by

complaint in equity; and, secondly, that the court is without jurisdiction to rule upon the prayer in this complaint under the rules of equity procedure. The merits of plaintiff's three-pronged prayer for relief will be discussed seriatim.

Plaintiff's request for this court to enjoin any action or payment by defendants of any further expenditures concerning Project 1499 is out of this court's jurisdiction.

There is a decree on record barring defendants from expending funds on Project 1499. This decree can be found at no. 3816 in equity. Plaintiff's prayer is not requesting an enforcement of this existing decree but, in effect, seeks a new restraint upon defendants. This particular type of "stockpiling of decrees" has been expressly condemned and prohibited by our sister courts and this court shall not engage in such practice.

The principle that "the method of enjoining a Decree is largely within the discretion of the Court making it, . . ." complimented by the rule that "where an Injunction Decree is outstanding, it must be enforced by the usual enforcement methods, it may not be enforced by a second action for an Injunction to restrain a violation of the first [Injunction], . . ." dissolves this court's authority to grant this aspect of plaintiff's prayer.

The second prong of plaintiff's prayer for relief attempts to sidestep the statutory scheme of checks and balances of the school finances provisions of the Public School Code of March 10, 1949, P. L. 30, as set forth in 24 PS §§24-2401, et seq.

The Yough School District is a school district of the third class, thus falling within the language of 24 PS §24-2401, stating:

"The finances of every school district . . . and other funds belonging to or controlled by the district shall be properly audited."

24 PS §24-2406 designates the duties of the auditor who audits the finances of a third class school district and the actions to be taken by the auditor if any expenditures by the board of school directors is unauthorized.

These statutory provisions combined with 24 PS §24-2431, providing the time the audit is to be made, clearly inform plaintiff of the procedural steps to be utilized in determining whether defendants properly expended any funds in question. After these statutory steps are completed, the statute further provides for the court to acquire jurisdiction:

"The Commonwealth, the school district of the second, third or fourth class, or any taxpayer thereof on behalf of said Commonwealth, district, or any person or persons against whom any sum has been charged in any report filed by the auditors of such school district, may appeal from any auditors' report. Such appeal shall be taken to the court of common pleas of the proper county by the Commonwealth within ninety (90) days after said report is filed in the Department of Public Instruction, and by all other appellants within forty-five (45) days after said report is filed in the court of common pleas": 24 PS §24-2451.

The final prong of plaintiff's prayer requests the court to dismiss the individual defendants for malfeasance in office.

The Public School Code of March 10, 1949, P. L. 30, art. III, sec. 318, 24 PS §3-318, sets forth the detailed statutory procedure for removal of a school director from office. Perusal of this rule indicates that plaintiff's method of action to remove defendants in this instant matter has no statutory basis of support. Their procedure, in fact, directly ignores the provisions set forth by statute.

This court, therefore, enters the following

## ORDER OF COURT

And now, to wit, August 8, 1973, after due and careful consideration of the pleadings, briefs and arguments in this matter, it is hereby ordered, adjudged and decreed that defendants' preliminary objections filed in this matter are with merit and be and the same hereby are sustained; it is further ordered, adjudged and decreed that plaintiff's complaint in equity be and the same hereby is dismissed.